1  Gabriel S. Galanda, WSBA #30331
   Anthony S. Broadman, WSBA #39508
2  Ryan D. Dreveskracht, WSBA #42593
   Galanda Broadman PLLC
3  11320 Roosevelt Way NE
   P.O. Box 15146
4  Seattle, WA  98115
   (206) 691-3631
5

6

7

8              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
9

   DONNELLY R. VILLEGAS, an          NO. CV-12-001-EFS
10 enrolled member of the Spokane Tribe of
   Indians;                          COMPLAINT FOR
11                                    DECLARATORY JUDGMENT,
   Plaintiff,                        INJUNCTIVE RELIEF, AND
12                                    DAMAGES
   v.
13
   UNITED STATES OF AMERICA;
14 DEPARTMENT OF THE INTERIOR;
   BUREAU OF INDIAN AFFAIRS;
15 BUREAU OF LAND MANAGEMENT;
   AND BUREAU OF SAFETY AND
16 ENVIRONMENTAL ENFORCEMENT
   (FORMERLY THE MINERALS
17 MANAGEMENT SERVICE);
   ENVIRONMENTAL PROTECTION
18 AGENCY; DEPARTMENT OF
   JUSTICE; OFFICE OF THE
19 INSPECTOR GENERAL; LISA P.
   JACKSON; REBECCA ANNE BATTS;
   STAN SPEAKS; ERIC H. HOLDER,

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 1

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1  JR.; KENNETH L. SALAZAR;
   ROBERT ABBEY; MICHAEL R.
2  BROMWICH; DAWN MINING
   COMPANY, LLC; NEWMONT USA
3  LIMITED; WASHINGTON WATER
   POWER/AVISTA; ONB BANK AND
4  TRUST; ESTATE OF WILLARD
   SHARPE,
5
   Defendants.
6

7       Plaintiff Donnelly R. Villegas, an enrolled member of the Spokane Tribe of

8  Indians, alleges as follows:

9                          **I.     INTRODUCTION**

10      1.     Plaintiff owns an undivided interest in what was once some of the

11 most valuable real estate in America: Allotment No. 156 (the "Allotment").  It is

12 no longer valuable.  Plaintiff's land once contained several million tons of high-

13 grade, if not the highest grade, uranium ore.  Because of Defendants' actions, today

14 it cannot even be logged, let alone mined.  Indeed, today Plaintiff's land cannot be

15 used for economic, cultural, or any other purposes.

16      2.     The United States, ONB Bank and Trust, and Willard Sharp were

17 each charged with trust fiduciary duties to tend to Plaintiff's financial and other

18 interests in the Allotment.  Each of these Defendants failed to properly carry out

19 their fiduciary obligations to Plaintiff.  In dereliction of the duties of exacting care,

   loyalty, honesty and good faith that they owed to Plaintiff, the United States, ONB

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 2

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1  Bank and Trust, and Willard Sharp allowed Dawn Mining Company, LLC, and

2  Newmont USA Limited (collectively, "Dawn/Newmont") and Washington Water

3  Power/Avista to be unjustly enriched – at Plaintiff's expense.

4      3.    Dawn/Newmont and Washington Water Power/Avista have reaped

5  extraordinary profit from Plaintiff's land and minerals, without proper

6  remuneration to Plaintiff.  Dawn/Newmont and Washington Water Power/Avista

7  have pillaged, if not destroyed, Plaintiff's property, with careless disregard for

8  Plaintiff and his rights.  Plaintiff seeks proper remuneration and other redress for

9  the harm that has been, and continues to be, inflicted upon him and his land, by

10  Dawn/Newmont, Washington Water Power/Avista, and the United States.

11      4.    Against the United States, its agencies, and officials, this is an action

12  for (a) injunctive and declaratory relief regarding the lease and development of the

13  Allotment; (b) the United States Government's unconstitutional taking of valuable

14  minerals, other resources, and rights in that land; (c) a lack of communication and

15  thus Plaintiff's informed consent regarding the actions taken on that land and

16  impairment of Plaintiff's interests in the land; and (d) other claims for injunctive

17  and declaratory relief, as stated herein.

18      5.    This action also states claims against Dawn/Newmont for damages

19  stemming from Dawn/Newmont's breaches of contract and tortious acts committed

    on the Allotment.

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 3

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

6. This action also states claims against Washington Water Power/Avista, for damages stemming from Washington Water Power/Avista's breaches of contract and tortious acts committed on the Allotment.

## II.    JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon the District Courts in all civil actions arising under the Constitution and laws of the United States.  Plaintiff asserts claims alleging violations of the U.S. Constitution and other laws of the United States, including the Supremacy Clause of Article VI, § 2, and federal common law.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, which confers supplemental jurisdiction upon the United States District Courts as to all non-federal claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

9. This Court also has jurisdiction pursuant to 25 U.S.C. § 345, which grants district courts subject matter jurisdiction over "suits involving the interest and rights of the Indian in his allotment or patent after he has acquired it." *Pinkham v. Lewiston Orchards Irrigation Dist.*, 862 F.2d 184, 186 (9th Cir. 1988) (internal quotations omitted).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1402 because a substantial part of the actions or omissions giving rise to

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 4

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1   the claims occurred in this District and because the property in question is located

2   in this District.

3       11.    Plaintiff's action for declaratory relief is authorized by FED. R. CIV.

4   PROC. 57 and by 28 U.S.C. §§ 2201-2202.  Plaintiff's action for injunctive relief is

5   authorized by FED. R. CIV. PROC. 65.

6       12.    Plaintiff's action for monetary damages is authorized by federal

7   common law and the laws of the State of Washington.

8                           **III.   PLAINTIFF**

9       13.    Plaintiff Donnelly R. Villegas is an enrolled member of the Spokane

10  Tribe of Indians and a resident of the State of Washington.  Non-party Spokane

11  Tribe of Indians is a federally recognized Indian Tribe.  *See* Indian Entities

12  Recognized and Eligible to Receive Services From the United States Bureau of

13  Indian Affairs, 73 Fed. Reg. 18553, 18556 (Apr. 4, 2008).

14                         **IV.   DEFENDANTS**

15      14.    Defendants Environmental Protection Agency; Office of the Inspector

16  General; Bureau of Indian Affairs (BIA); Department of Justice; Department of the

17  Interior; Bureau of Land Management; and Bureau of Safety and Environmental

18  Enforcement (formally the formerly the Minerals Management Service), are

19  agencies of Defendant the United States Government (hereinafter "Federal

    Defendants," collectively).

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 5

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

15.  Defendant Lisa P. Jackson is the Administrator of the Environmental Protection Agency; Defendant Rebecca Anne Batts is the Inspector General; Defendant Stan Speaks is the Acting Superintendent of the Bureau of Indian Affairs for the Northwest Region; Defendant Eric H. Holder, Jr., is the Attorney General of the United States; Defendant Kenneth L. Salazar is the United States Secretary of the Interior; Defendant Robert Abbey is the Director of the Bureau of Land Management; and Defendant Michael R. Bromwich is the Director of the Bureau of Safety and Environmental Enforcement (formally the formerly the Minerals Management Service).  These individuals are sued in their official capacities only.

16.  Defendant Dawn Mining Company, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

17.  Defendant Newmont USA Limited is a publicly traded corporation organized and existing under the laws of the State of Delaware.

18.  Defendant Washington Water Power/Avista is a publicly traded corporation organized and existing under the laws of the State of Washington.

19.  Defendant ONB Bank and Trust is a private company organized and existing under the laws of the State of Oklahoma.

20.  Willard J. Sharpe, now deceased, was the attorney charged with managing most of Plaintiff's trust accounts.  Because Mr. Sharpe was a resident of

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1    the State of Washington, his estate is a resident of Washington, where the decedent

2    resided.

3                              **V.    FACTS**

4         21.    Under longstanding constitutional, statutory and federal common law,

5    and based upon the historic relationship between Defendant United States and

6    Indian tribes, the United States assumed the obligations and duties of a trustee by

7    establishing and maintaining comprehensive regulatory control of funds derived

8    from tribal trust lands and resources.  Defendant United States owes a trust duty to

9    tribal members.  In the exercise of that trust duty, Federal Defendants are held to

10   the most exacting fiduciary standards.

11        22.    In the early to mid 1800s the United States acquired title to some

12   lands formerly occupied by Indians through treaties "in which the tribe ceded

13   much of the land it occupied to the United States and reserved a smaller portion to

14   itself (hence the term reservation)."  WILLIAM C. CANBY, JR., AMERICAN INDIAN

15   LAW 18-19 (4th Ed., 2004).  Such was not the case with the Spokane Indians.  No

16   Treaty was signed by or between the United States and the Spokane Tribe

17   concerning ownership or occupation of land formerly occupied by Spokane

18   Indians.

19        23.    The Spokane Indian Reservation was created on January 18, 1881, by

     an Executive Order of President Rutherford B. Hayes, whereby the land was

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1   designated to be "set aside and reserved for the use and occupancy of the Spokane

2   Indians."  "Indian reservations created by statute, agreement, or executive order

3   generally have the same legal ramifications as those created by treaty."

4   *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1202, n.3 (10th Cir. 2002) (citing

5   *United States v. Dion*, 476 U.S. 734, 745, n. 8 (1986)).

6       24.    During the period of American Indian law and policy commonly

7   referred to as the period of "assimilation," the years between 1887 and 1934, the

8   United States Congress passed a series of acts affecting the lands of the Spokane

9   Indian Reservation.  At this time, it was the policy of the federal government to

10   break up Indian tribes and tribal lands.  In the Congressional Act of May 27, 1902,

11   the United States opened the mineral lands of the Spokane Reservation, providing

12   that they "shall be subject to entry under the laws of the United States in relation to

13   the entry of mineral lands."  In a subsequent act dated June 19, 1902, Congress

14   directed the Secretary of the Interior to "make allotments in severalty to the Indians

15   of the Spokane Indian Reservation in the State of Washington, and upon the

16   completion of such allotments the President shall by proclamation give public

17   notice thereof, whereupon the lands in said reservation not allotted to Indians or

18   used or reserved by the Government, or occupied for school purposes, shall be

19   opened to exploration, location, occupation, and purchase under the mining laws."

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1    25.    On May 29, 1908, Congress passed a statute entitled an "Act [t]o

2    authorize the Secretary of the Interior to sell and dispose of the surplus unallotted

3    agricultural lands of the Spokane Indian Reservation, Washington, and for other

4    purposes."  The Act directed the Secretary of the Interior to make allotments to all

5    Indians having tribal rights and belonging to the Spokane Indian Reservation who

6    had not theretofore received allotments, and directed the Secretary of Interior to

7    classify the surplus lands as agricultural and timber lands.

8    26.    These allotments were patented to individual Indians, with legal title

9    thereto held by Defendant United Sates as trustee for the allottee.

10    27.    Pursuant to the Congressional instruction provided in the foregoing

11    Acts of June 19, 1902, and May 29, 1908, Allotment No. 156, located on the

12    Spokane Reservation, was issued to Edward Boyd on January 24, 1910.   The

13    issuing instrument states, in part:

14    [T]he UNITED STATES OF AMERICA, in consideration of the
premises, has allotted, and by these presents does allot, unto the said
15    Edward Boyd the land above described, and hereby declares that it
does and will hold the land thus allotted (subject to all statutory
16    provisions and restrictions) for the period of twenty-five years, in trust
for the sole use and benefit of the said Indian, and at the expiration of
17    said period the United States will convey the same by patent to said
Indian, in fee, discharged of said trust and free from all charge and
18    incumbrance whatsoever, if said Indian does not die before the
expiration of the trust period; but in the event said Indian does die
19    before the expiration of said trust period, the Secretary of the Interior
shall ascertain the legal heirs of said Indian and either issue to them in

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 9

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

their names a patent in fee for said land, or cause said land to be sold for the benefit of said heirs as provided by law.

28.    The Boyd Allotment consisted of 120 acres, originally located at "[t]he northwest quarter of the southeast quarter and the east half of the southwest quarter of Section twelve in Township twenty-eight north of Range thirty-seven east of the Willamette Meridian, Washington."

29.    On February 21, 1939, Edward Boyd died intestate and his interest in the allotment was divided between his spouse and six children.

30.    In a direct breach of the statement issuing the Allotment, the fee title to the patent "free from all charge and incumbrance whatsoever" was never issued to Edward Boyd.

31.    Between March 31, 1946, and March 20, 1956, many of Edward Boyd's heirs died intestate and their interests in the allotment gradually became concentrated in Lucy and Richard Boyd.

32.    The land on which Defendant Dawn/Newmont's "Midnite Mine" was subsequently located was that part of the original Spokane Reservation that was not allotted, plus the Boyd allotted land.

33.    On July 15, 1954, Defendant Dawn Mining Company leased from the United States approximately 571 acres of Spokane Indian Reservation lands for mining uranium.  Floyd H. Phillips, Superintendent of Defendant United States

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

Department of Interior's Colville Indian Agency, entered into the mining lease "for and on behalf of the Spokane Tribe of Indians."   The lease was later approved by the Acting Director of Defendant United States Bureau of Indian Affairs.

34.   Defendant United States facilitated the execution of the mining leases at a rushed and hurried time when the United States' urgent need for nuclear materials during the "Cold War" corresponded with the discovery of uranium mineralization on the Spokane Reservation.

35.   On June 22, 1956, despite Edward Boyd's interest in the allotment being held by Lucy and Richard Boyd through inheritance, the Superintendent of the Colville Indian Agency, acting as "attorney-in-fact for the legal heirs of Edward Boyd, deceased" leased the 120-acre allotment to Dawn/Newmont for a period of 15 years, because, according to the Superintendent, "the individual Indian ownership was not entirely clear due to pending probate."   On June 25, 1956, the Acting Area Director of Defendant BIA approved the mining lease of the Boyd property.

36.   This lease was not approved by its legal allottees, the heirs of Edward Boyd, Lucy and Richard Boyd, nor were they consulted or otherwise made known of the disposition of their properties via the lease.

37.   The leases, *inter alia*, provided Defendant United States Secretary of the Interior with the authority to suspend operations; to collect a bond; to inspect

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 11

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1  the property; to approve the lessee's attempt to terminate the lease upon a

2  satisfactory showing that full provision had been made for the conservation and

3  protection of the property; and to terminate the lease for violations of the lease's

4  terms and conditions.

5      38.    The lease required Defendant Dawn/Newmont to pay annual rents

6  and royalties directly to the Superintendent, who would then issue rents and

7  royalties to the allottees, and to submit monthly reports to the Superintendent

8  detailing all mining operations.  In addition, the Superintendent was to direct audits

9  of the lessee's accounts and books.

10      39.    Specifically, the lease required that "the ore grade assays for each lot

11  shall be adjusted to the nearest 0.01 percent of $U_3O_8$ content and applied . . . to

12  ascertain the dollar value per dry ton of crude uranium."

13      40.    Upon information and belief, at some point in 1961 the posts marking

14  the Allotment were moved from their original placement, thereby defrauding

15  Plaintiff of the fruits of those more valuable lands since that fraud and taking were

16  committed.

17      41.    On September 18, 1964, Edward Boyd's remaining heirs to the

18  Allotment, "Ortencia Anne Ford; the Superintendent of the Colville Indian Agency

19  on behalf of Donnelly Robert Villegos [sic], a minor; and the Old National Bank of

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 12

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1  Spokane, as Guardian of the Estate of Richard Boyd" entered into a mining lease

2  with Dawn/Newmont for another ten-year stretch with the same terms.

3      42.    In an Order Approving Compromise, *In the Matter of the Estates of*

4  *Richard Boyd*, dated May 4, 1973, a one-half interest in the 120 acres covered by

5  the lease with Defendant Dawn Mining Company was awarded to the Spokane

6  Tribe, with the remaining 60-acre interest retained by Plaintiff's sister, Ortencia

7  Ford, and Plaintiff.  Also as part of a probate settlement, Plaintiff was awarded an

8  interest in stockpiles of high-grade uranium located in Ford, WA.

9      43.    The funds derived from the interests awarded to Plaintiff in the

10  probate settlement were to be paid into an account managed by non-Federal

11  Defendants William J. Sharpe and ONB Bank and Trust only until October 1,

12  1974.  Federal Defendant BIA continued to pay Defendants William J. Sharpe and

13  ONB Bank and Trust until March of 1978, however.  Plaintiff never received those

14  funds.

15      44.    Defendant Dawn/Newmont paid its rents and royalties directly to

16  Defendant Bureau of Indian Affairs, and Defendant Mineral Management Service

17  was charged with conducting audits of those rents and royalties.  The Mineral

18  Management Service was also charged with monitoring the status of the Midnite

19  Mine's reclamation fund, which was maintained by Dawn/Newmont.

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

45.     Defendant Bureau of Indian Affairs was charged with supervising the Midnite Mine's surety bond.

46.     Defendant Bureau of Indian Affairs is "charged with fulfilling the trust obligations of the United States' to Indians."  *Poafpybitty v. Skelly Oil Co.*, 390 U.S. 365, 374 (1968).

47.     Defendant Bureau of Land Management was obligated to cooperate with other agencies – specifically, Defendants Environmental Protection Agency and Bureau of Indian Affairs – to ensure compliance with all federal laws and Indian trust obligations.

48.     The failure of Federal Defendants to award full payment for uranium processing has been ongoing, and continues to this day.

49.     The failure of Federal Defendants to hold Allotment lessees accountable to Plaintiff has been ongoing, and continues to this day.

50.     The failure of Federal Defendants to provide accounts and records pertaining to these leases/royalty payments has been ongoing, and continues to this day.

51.     Charges against Plaintiff's trust account have been drawn without explanation.   Supposed explanations of those charges have been redacted on royalty ledgers issued by Federal Defendants.   Federal Defendants have yet to show cause or offer an explanation for these redactions or charges.

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 14

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

52.    At times, Defendant Dawn/Newmont operated on the Allotment without permission and/or under an expired lease.  This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

53.    Once leasing agreements were signed, Defendant Dawn/Newmont breached, and continues to breach, those agreements.  This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

54.    Defendant Dawn/Newmont has mixed low-grade ore with Plaintiff's high-grade ore without first paying Plaintiff for his ore, according to the agreement.  This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

55.    Defendant Dawn/Newmont has placed Plaintiff's funds into an escrow account and charged Plaintiff for reclamation and restoration of the mine, backdated to October 1, 1974.  This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

56.    Defendant Dawn/Newmont has been manipulating, and continues to manipulate, the "grade" of its ore, royalties, interest, and taxes in order to defraud Plaintiff.  Defendant Dawn/Newmont has also been under-measuring, and continues to under-measure, Plaintiff's ore in order to defraud Plaintiff.  This occurred and continues to occur under the supervision and knowledge of Federal Defendants, in violation of federal law.

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

57.     Defendant Dawn/Newmont has charged over $5 per pound of uranium profits for reclamation and restoration, while the lease agreement specifically states that these charges will not be taken out of Plaintiff's payments. This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

58.     Defendant Dawn/Newmont has charged Plaintiff for services, such as heating its facilities, under the guise of "chemical costs" that were paid by Plaintiff.   This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

59.     Defendant Dawn/Newmont is currently utilizing a right-of-way through Plaintiff's Allotment, but has not compensated Plaintiff for its use.  This has occurred and continues to occur under the supervision and knowledge of Federal Defendants, in violation of federal law.

60.     Federal Defendants are currently utilizing a right-of-way through Plaintiff's Allotment, but have not compensated Plaintiff for its use.

61.     At some point not yet known, Defendant Washington Water Power/Avista constructed power lines over the Allotment.  This occurred under the supervision and knowledge of Federal Defendants, in violation of federal law.

62.     Plaintiff was not aware of Defendant Washington Water Power/Avista's use of the Allotment, did not approve of the use, and was not

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1  consulted by Washington Water Power/Avista, Federal Defendants, or any other

2  agency/company regarding the use of Allotment No. 156.

3      63.    Upon information and belief, Federal Defendants have processed at

4  least two stockpiles of Plaintiff's uranium, interests in which were awarded to

5  Plaintiff in the May 4, 1973 probate settlement, which sold for $550,000 and

6  $1,300,000, but for which Plaintiff received a little over $1,000 in royalties.

7      64.    Upon information and belief, Federal Defendants have sold at least

8  one stockpile of Plaintiff's uranium to Defendant Dawn/Newmont for a sum of

9  approximately $1.3 million.  Although Plaintiff was entitled to the full amount of

10  this payment, interests in which were awarded to Plaintiff in the May 4, 1973

11  probate settlement, Plaintiff was paid a mere $6,095.52.

12      65.    Federal Defendants have failed to account for the remaining

13  stockpiles of uranium that Plaintiff has rights in.

14      66.    Upon information and belief, those stockpiles have either been lost,

15  destroyed, or will soon be destroyed, as a direct result of Federal Defendants' acts

16  and/or omissions.

17      67.    Upon information and belief, there currently exist at least seven (7)

18  stockpiles at the mine site – which were either separated from Plaintiff's Allotment

19  or in which Plaintiff has an interest in – which have been there and leaching prior

to 1981, but for which Plaintiff has never received any royalties.

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 17

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

68.    Defendant United States has held fee title to the Allotment for the use and benefit of Plaintiff and Plaintiff's decedents from January 24, 1910, until the present.

69.    Dawn/Newmont's Midnite Mine closed in 1981, and is currently the subject of a $152-million environmental cleanup project.

70.    The damage to Plaintiff's Allotment, caused by Federal and non-Federal Defendants is substantial.   According to a recent article in the *Seattle Times*,

> The two mines and the mill were filled with tons of radioactive debris. At the bottom of one of two giant pits at the Midnite Mine, a small lake contains a brew of toxic metals and radiation so poisonous the eerily blue water is virtually sterile.  Roads along the 18-mile route from the Midnite Mine to the mill were littered with spots that set Geiger counters whirring.  So did driveways at homes, built from crushed ore hauled from the mine.  Uranium and other toxic metals leached into groundwater, and into the sand and water of several small streams feeding Blue Creek, which runs through the reservation, and eventually into the Spokane River.  Fish in Blue Creek had high levels of heavy metals.  The roots of plants growing around the mine had radioactive uranium levels as much as 11 times higher than plants from elsewhere in the area.  The tribe should basically warn people away from fishing, hunting and berry-picking around Blue Creek because of prolonged contamination, says the U.S. Environmental Protection Agency.  One scientific model used by the EPA concluded that someone living on food gathered in the Blue Creek drainage and using the water for sweat lodges had a 1-in-5 chance of getting cancer from the added radiation.

Warren Cornwall, *Radioactive Remains: The Forgotten Story of the Northwest's Only Uranium Mines*, SEATTLE TIMES, Feb. 24, 2008, *available at*

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1   http://seattletimes.nwsource.com/html/pacificnw/2004191779_pacificpuranium24.

2   html.

3       71.    In 2011, the BIA determined that portions of the Allotment could not

4   be logged due to extensive damage to the Allotment, including the trees being

5   "radioactive."

6                   **VI.    FIRST CLAIM FOR RELIEF**
        (Unconstitutional Taking of Plaintiff's Property Under the Fifth Amendment)
7
        72.    Plaintiff hereby incorporates all prior allegations by reference.
8
9       73.    Although the legal title to the allotted land was retained by Defendant

10  United States, under the immediate supervision of the Secretary of Interior,

    Plaintiff's possessory rights are a recognized compensable ownership interest
11
    under the Fifth Amendment's Takings Clause.
12
13      74.    In a direct breach of the statement issuing the Allotment, the fee title

14  to the patent "free from all charge and incumbrance whatsoever" was never issued

    to Edward Boyd.
15
16      75.    On May 4, 1973, Plaintiff was awarded rights in stockpiled uranium.

17      76.    Plaintiff has not been allowed access to this uranium, and the United

    States has yet to account for its whereabouts.
18

19

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

77.   At some unknown date, Federal Defendants allowed Defendant Washington Water Power/Avista to construct power lines over Plaintiff's Allotment.

78.   At some time in 1961, the posts marking the Allotment were moved from their original placement.  The lands of the originally located Allotment are believed to be more valuable than lands to which the Allotment markings were moved.

79.   An unconstitutional taking of property and rights therein exists where the government restricts the use or value of property or physically withholds or invades one's property.

80.   Here, Federal Defendants have restricted the use and value of Plaintiff's Allotment, and physically invaded that property.

81.   Federal Defendants have also restricted the use and value of Plaintiff's rights in stockpiled uranium and the Allotment, generally.

82.   Federal Defendants have also restricted the use and value of Plaintiff's rights in standing timber on the Allotment.

83.   Due to Federal Defendant's acts and/or omissions in allowing or taking part in the moving of the Allotment, Federal Defendants have devalued and physically invaded Plaintiff's property.

//

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 20

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

## VII.   SECOND CLAIM FOR RELIEF
(Breach of Contract and Breach of Fiduciary Duty)

84.    Plaintiff hereby incorporates all prior allegations by reference.

85.    Non-Federal Defendants and either Plaintiff, Plaintiff's deceased relatives, or Federal Defendants, as trustee on behalf of Plaintiff, entered into numerous leases, contracts, and agreements.  These include, for instance, leases of Allotment properties between Plaintiff, Plaintiff's deceased relatives, or Federal Defendants as trustee on behalf of Plaintiff, and Defendant Dawn/Newmont.

86.    Non-Federal Defendants ONB Bank and Trust and William J. Sharpe at times also served as trustee on behalf of Plaintiff and entered into numerous leases, contracts, and agreements and accepted payment and maintained accounts pursuant to those leases, contracts, and agreements.

87.    Federal Defendants and non-Federal defendants breached these leases, contracts, and agreements on numerous occasions by, for instance:

a.    Charging and/or overcharging Plaintiff for services not allowed by the leases, contracts, and agreements;

b.    Operating on the Allotment without permission and/or under an expired lease;

c.    Mixing low-grade ore with Plaintiff's high-grade ore without first paying Plaintiff for his ore;

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1          d.      Failing to enter the correct amount into Plaintiff's trust account;

2          e.      Withdrawing, or allowing withdrawals against Plaintiff's trust

3    account improperly or without explanation;

4          f.      Charging Plaintiff for reclamation and restoration;

5          g.      Manipulating the "grade" of Plaintiff's ore, royalties, interest,

6    and taxes;

7          h.      Allowing Plaintiff's timber to become irradiated to the point

8    that it cannot be logged.

9          i.      Other breaches as alleged above.

10          88.     In breaching and allowing breaches of contract to take place

11   unabated, Federal Defendants have breached, and continue to breach, their trust

12   duty to Plaintiff.  In the exercise of that trust duty, the United States is held to the

13   most exacting fiduciary standards.  By allowing numerous breaches of contract to

14   occur unabated, directly and negatively affecting Plaintiff, these standards were not

15   fulfilled, in violation of federal law.

16                        **VIII.  THIRD CLAIM FOR RELIEF**
                (Fraud, Constructive Fraud, and Breach of Fiduciary Duty and Contract)
17
             89.     Plaintiff hereby incorporates all prior allegations by reference.
18
             90.     Non-federal Defendants have falsely represented their actions that
19
     they have taken upon Plaintiff's interests in the Allotment, as described above.

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
AND DAMAGES - 22

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

91.    In breaching contracts and fiduciary obligations to Plaintiff, Federal and non-Federal Defendants have falsely represented the actions that they have taken upon Plaintiff's interests in the Allotment, as described above.

92.    These misrepresentations were made in reference to material facts.

93.    Plaintiff was induced into signing agreements with Federal and non-Federal Defendants as a direct result of justifiable reliance upon such misrepresentations.

94.    The result of this reliance was to the detriment of Plaintiff.

## IX.    FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

95.    Plaintiff hereby incorporates all prior allegations by reference.

96.    The Supreme Court and Ninth Circuit have continually recognized that the federal government is bound by a "distinctive obligation of trust" in its dealings with Indians.

97.    The Indian Mineral Leasing Act and other federal statutes and regulations impose fiduciary responsibilities on the federal government for non-oil and gas leases, as well as extensive responsibilities on the federal government in leasing mineral right for the benefit of Indians in a detailed and comprehensive fashion.

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1     98.   Numerous leases, contracts, and agreements were approved by

2   Federal Defendants, who owe a trust duty to Plaintiff to ensure that non-Federal

3   Defendants do not act in breach of those leases, contracts, and agreements.  In

4   many instances, Federal Defendants' duties of supervision were laid out

5   specifically in the leases, contracts, and agreements.  These duties of supervision

6   were breached.

7     99.   The Secretary of the Interior and other Federal Defendants failed to

8   fulfill their trust duties, as numerous leases, contracts, and agreements were

9   breached by non-Federal Defendants, at Plaintiff's peril, under the direct

10   supervision of Federal Defendants.

11     100.   By allowing and taking part in the defrauding of Plaintiff by moving

12   the Allotment from its original placement, Federal Defendants have breached

13   numerous fiduciary duties, and violated of federal law, regulations, and the

14   Constitution.

15     101.   Federal Defendants have grossly mismanaged Plaintiff's royalties and

16   paperwork pertaining thereto, from 1954 to the current day.

17     102.   As trustee of Plaintiff's trust accounts, the United States owes –

18   continuously and since the inception of the accounts – certain duties to Plaintiff as

19   an account holder and trust beneficiary, including, but not limited to the duties:

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

a.    to maintain adequate records of accounts; including, without limitation, records to the leases and other contractual agreements giving rise to income from allotments, and as to all other invests of trust monies;

b.    to maintain adequate records as to the ownership of such accounts; including, without limitation, records as to the devolution of rights in and to such accounts, by assignment, bequest, devise, or otherwise;

c.    to maintain adequate systems and controls to guard against error and dishonesty on the part of all Federal Defendants/non-Federal Defendants;

d.    to invest such funds as permitted by law and to deposit them in such depositories as are permitted by law, to exercise prudence in the selection of such investments, and to maximize return on such investments as allowed by law;

e.    to account regularly and accurately to the beneficiaries, to give them accurate information upon reasonable request, and to pay them on demand such amounts as they may be entitled to; and

f.    to refrain from self-dealing and benefiting from the management of such funds.

103. Federal Defendants have consistently and egregiously failed to comply with these and other responsibilities of its role as a trustee, and continues

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1   to do so, in continuous and ongoing breach of contract and fiduciary duty, and

2   violation of federal law, regulations and the Constitution.

3       104.   Non-Federal Defendants ONB Bank and Trust and William J. Sharpe

4   also served as trustee on behalf of Plaintiff and accepted payment and maintained

5   Plaintiff's accounts.

6       105.   Defendants ONB Bank and Trust and William J. Sharpe owe a trust

7   and fiduciary duty to account for Plaintiff's payments and accounts.

8       106.   Defendants ONB Bank and Trust and William J. Sharpe have been

9   unable to account for Plaintiffs payments and accounts, and/or have otherwise

10   mismanaged those accounts or defrauded Plaintiff of his rights therein.

11       107.   At times, Defendant ONB Bank and Trust ONB defrauded Plaintiff by

12   insisting that Plaintiff pay anywhere from $500 to $5,000 per "phone call" to

13   release his own funds.

14       108.   As a result of these breaches of trust and fiduciary duties, Plaintiff

15   has been denied at least $500,000.00 in royalties and other funds, very likely more.

16   However, due to the complicated character of these accounts, and based upon the

17   fiduciary and trust relationship between the parties, without a true accounting of

18   those records Plaintiff cannot know exactly the true state of his losses, what

19   amounts should have been credited to him, what amounts should be credited to him

in the future, or how much money has been diverted or converted to other uses.

Galanda Broadman PLLC
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

109.   Also resulting from Defendants' breach of trust, Plaintiff's right to the use and enjoy his Allotment has been diminished.  This diminishment includes, but is not limited to, his ability to harvest standing timber on the Allotment.

## X.    FIFTH CLAIM FOR RELIEF
(Trespass, Continuing Trespass, Trespass to Chattels, and Breach of Contract and Fiduciary Duties)

110.   Plaintiff hereby incorporates all prior allegations by reference.

111.   Plaintiff currently has, and has had, an interest in land and chattels located on the Allotment.

112.   By intentionally and wrongfully invading, entering upon, interfering with, and damaging Plaintiff's interest in land and chattels located on the Allotment, Federal and non-Federal Defendants have caused damage to that land and those chattels.   To the extent that these actions were by non-Federal Defendants, these actions occurred under the supervision and knowledge of Federal Defendants, who failed to intervene and in most instances sanctioned the conduct.

## XI.    SEVENTH CLAIM FOR RELIEF
(Tortious Damage to the Environment)

113.   Plaintiff hereby incorporates all prior allegations by reference.

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

114.    As the direct and proximate result of Federal and non-Federal Defendants' tortious conduct, Plaintiff has suffered damage to his interest in the Allotment related to the environment, wildlife, natural resources, and land.

## XII.   EIGHTH CLAIM FOR RELIEF
(Violation of the Administrative Procedures Act)

115.    Plaintiff hereby incorporates all prior allegations by reference.

116.    By failing to meaningfully consult with Plaintiff, during the reclamation and restoration process as well as when taking other actions throughout much of the life of Plaintiff's interest in the Allotment, Federal Defendants have violated numerous federal laws, regulations, and nondiscretionary mandates, including United States Presidential Executive Order 13175, numerous agency-specific laws, regulations, and nondiscretionary mandates; and the federal common law.

117.    These acts and/or omissions resulted in numerous arbitrary and capricious decisions, most notably, the decision to encumber Plaintiff's interests in the Allotment, in violation of 5 U.S.C. § 706.

## XIII.  JURY DEMAND

118.    Plaintiff hereby demands a trial by jury.

//

//

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

# XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Preliminarily and permanently enjoin all Defendants from further damaging, devaluing, and interfering with Plaintiff's uranium and rights therein.

B.     Declare the construction of power lines over Plaintiff's Allotment to be an unconstitutional taking in violation of the Fifth Amendment.

C.     Preliminarily and permanently enjoin Federal Defendants from any acts or omissions that affect the Plaintiff's rights to Allotted properties without first initiating meaningful, informed, and prior consultation.

D.     Award Plaintiff's costs of suit, including, without limitation, attorneys' fees under the Equal Access to Justice Act and under general principles of law and equity, and the fees and costs of expert assistance.

E.     Award actual damages stemming from non-Federal Defendants breaches of contract, constructive fraud, and other damages as Plaintiff may be entitled.

F.     Award such other, further, or different relief as Plaintiff may be entitled to in the premises.

# XV.  LEAVE TO AMEND

Plaintiff further reserves the right to seek leave to amend this Complaint to plead new parties, claims and/or allegations.

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631

1      DATED this 2nd day of January 2012.

2                             s/Gabriel S. Galanda

                               Gabriel S. Galanda, WSBA# 30331

3                            Anthony S. Broadman, WSBA #39508

                           Ryan D. Dreveskracht, WSBA #42593

4                            Attorneys for Plaintiff

                           GALANDA BROADMAN, PLLC

5                            P.O. Box 15146

                           Seattle, WA  98115

6                          (206) 691-3631 Fax: (206) 299-7690

                           Email: gabe@galandabroadman.com

7                          Email:anthony@galandabroadman.com

                           Email: ryan@galandabroadman.com

8

9

10

11

12

13

14

15

16

17

18

19

**Galanda Broadman PLLC**
11320 Roosevelt Way NE
Seattle, WA 98125
P.O. Box 15146
Seattle, WA  98115
(206) 691-3631